Case 6:24-cv-00325-ADA-DTG   Document 7   Filed 08/09/24   Page 1 of 5

FILED
August 09, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cav_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| M. L. Warren TTEE of<br>THE SOVO TRUST FOUNDATION<br>Pro Se` Plaintiff(s)<br><br>v.<br><br>DAVID LITTLEWOOD CHAIRMAN of<br>THE FIRST NATIONAL BANK OF MCGREGOR<br>Defendant(s) | §§§§§§§§§§§§ CASE NO: 6:24-CV-00325 |

## RESPONSE TO MOTION TO DISMISS

Plaintiff, M. L. Warren TTEE of THE SOVO TRUST FOUNDATION, files this Response to Motion to Dismiss pursuant to Federal Rules of Civil Procedure to affirm jurisdiction and the claim made as the Plaintiff in this case.

### Introduction

Plaintiff, M. L. Warren TTEE of THE SOVO TRUST FOUNDATION, opposes the Defendants Motion to Dismiss Plaintiff's claim and would like the record of this Court to reflect the Motion to Dismiss filed by the opposing "counsel" for the Defendant has been merely enlightening to the Court and is NOT sufficient to rise to the level of fact in this case. Under the provisions of the Federal Rules of Evidence there MUST be a competent first hand witness swearing testimony or bearing evidence before the court. The Motion to Dismiss is absent of a sworn complaint or affidavit to support the Motion and has demonstrated nothing more than an excessive repetition of misapplied legal jargon that reflects an incorrect interpretation of the facts in this case.

Furthermore, "Statements of counsel in brief or in argument are not sufficient for Motion to Dismiss or for summary judgment," and "The Court has no first hand FACTS to rely on for a summary determination." *Trinsey v. Pagliaro, D. C. Pa. 1964,229 F. Supp. 647*. Factual Basis is critical to the strength and validity of legal arguments. It ensures that legal reasoning is not abstract but is rooted in the real, provable details of the case. If the motion involves specific factual issues that need to be addressed, the attorney must submit affidavits or declarations to support their arguments. These facts alone oppose the Motion to Dismiss.

*In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007) sets the standards for evaluating a motion to dismiss in the context of complex litigation and highlights the necessity of detailed factual allegations to withstand dismissal. In "Hoffman v. Bechtel Corp.," 596 F.2d 1224 (9th Cir. 1979) this case reflects the principle that a complaint should not be dismissed for failure to state a claim if there is any possibility that the plaintiff could prove a set of facts to support the claim. This interpretation ensures that dismissals under Rule 12(b)(6) are not granted too easily, maintaining a liberal approach to pleading.

To have a case heard in the Waco Division of the United States District Court for the Western District of Texas, certain jurisdictional and procedural requirements must be met:

### Federal Question Jurisdiction

*Federal Law or Constitution: Show that the case involves a federal issue, statute, regulation, or constitutional question. This is based on 28 U.S.C. § 1331.*

**12 CFR § 229**, also known as **Regulation CC**, is the section of the **Code of Federal Regulations** that governs the availability of funds, the collection of checks, and the responsibilities of banks regarding check processing. **Regulation CC** implements the **Expedited Funds Availability Act (EFAA)** and outlines the procedures for the endorsement, presentment, return, and adjustment of checks.

Key Sections of 12 CFR § 229:

- a. **Subpart A - General:**
  - i. § 229.1 - Authority and purpose: Describes the authority under which **Regulation CC** is issued and its general purpose.
  - ii. § 229.2 - Definitions: Provides definitions of key terms used throughout the regulation.
- b. **Subpart B** - Availability of Funds and Disclosure of Funds Availability Policies:
  - i. § 229.10 - Next-day availability: Specifies the types of deposits that must be made available by the next business day.
  - ii. § 229.12 - Exceptions to the availability schedules: Lists the exceptions to the general availability rules, such as new accounts or large deposits.
- c. **Subpart C - *Collection of Checks*:**
  - i. § 229.30 - *Paying bank's responsibility for return of checks: Outlines the responsibility of the paying bank in returning checks.*
  - ii. § 229.31 - *Returning bank's responsibility for return of checks: Details the returning bank's obligations in the check return process.*
  - iii. § 229.32 - *Depositary bank's responsibility for returned checks: Specifies the responsibilities of the depositary bank when handling returned checks.*
  - iv. § 229.33 - *Notice of nonpayment: Discusses the requirements for providing notice when a check is not paid.*

**12 CFR § 210.12** is a section of **Regulation J**, which governs the procedures related to the collection of checks and other items by Federal Reserve Banks, as well as the transfer of funds and securities. Specifically, this section deals with the time schedule for processing cash items and the availability of credits and debits.

    a. **12 CFR § 210.12(a)(1)** *Return of cash items handled by Reserve Banks.* A paying bank that receives a cash item from a Reserve Bank, other than for immediate payment over the counter, and that settles for the item as provided in § 210.9(b), may, before it has finally paid the item, return the item to any Reserve Bank (unless its Administrative Reserve Bank directs it to return the item to a specific Reserve Bank) in accordance with subpart C of part 229 of this chapter (Regulation CC), the Uniform Commercial Code, and the Reserve Banks' operating circulars. A paying bank that receives a cash item from a Reserve Bank also may return the item prior to settlement, in accordance with § 210.9(b) and the Reserve Banks' operating circulars.

    b. **12 CFR § 210.12(a)(2)** *Return of checks not handled by Reserve Banks.* A paying bank that receives a check, other than from a Reserve Bank, and that determines not to pay the check, may send the returned check to any Reserve Bank (unless its Administrative Reserve Bank directs it to send the returned check to a specific Reserve Bank) in accordance with subpart C of part 229 of this chapter (Regulation CC), the Uniform Commercial Code, and the Reserve Banks' operating circulars. A returning bank may send a returned check to any Reserve Bank (unless its Administrative Reserve Bank directs it to send the returned check to a specific Reserve Bank) in accordance with subpart C of part 229 of this chapter (Regulation CC), the Uniform Commercial Code, and the Reserve Banks' operating circulars.

**12 CFR § 229.33(a) Notice of nonpayment:** If a paying bank determines not to pay a check in the amount of $5,000 or more, it shall provide notice of nonpayment such that the notice would normally be received by the depositary bank no later than 2 p.m. (local time of the depositary bank) on the second business day following the banking day on which the check was presented to the paying bank. If the day the paying bank is required to provide notice is not a banking day for the depositary bank, receipt of notice not later than 2 p.m. (local time of the depositary bank) on the depositary bank's next banking day constitutes timely notice. Notice may be provided by any reasonable means, including the returned check, a writing (including a copy of the check), or telephone.

     a. **§ 229.33(a)(1)** A paying bank or returning bank may be liable to a depositary bank under § 229.38 for failing to return a check in an expeditious manner only if the depositary bank has arrangements in place such that the paying bank or returning bank could return a returned check to the depositary bank electronically, directly or indirectly, by commercially reasonable means.

**David Littlewood & The First National Bank of McGregor** have done none of the above in compliance with **Federal Regulations** by refusing to return the check at the request of the Plaintiff. (Please see all attached exhibits)

I make this sworn testimony & claim to the best of my first hand knowledge under the penalty of perjury before this Court.

_M. L. Warren_ TTEE     8/9/2024
M. L. Warren TTEE           DATE

THE SOVO TRUST FOUNDATION
P.O. Box 122432 Fort Worth, Texas 76121
thesovotrustfoundation@proton.me
313-878-5855