IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| M. L. WARREN, TTEE OF THE SOVO TRUST FOUNDATION;<br>　　　　*Plaintiff,*<br><br>v.<br><br>DAVID LITTLEWOOD, CHAIRMAN, FIRST NATIONAL BANK OF MCGREGOR;<br>　　　　*Defendant*. | §§§§§§§§§§§ | W-24-CV-00325-ADA |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Civil Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (ECF No. 6). After careful consideration of the filings and the record, the Court **GRANTS** the motion on the grounds that the Court lacks subject matter jurisdiction, and that Plaintiff has failed to state a claim for relief.

## BACKGROUND

Plaintiff, M.L. Warren, filed his Complaint on June 18, 2024, seeking a "declaratory judgment for quiet title, trespass-to-try-title, and adverse possession under color of title." ECF No. 1 at 8. Plaintiff sued David Littlewood, Chairman of The First National Bank of McGregor ("TFNBM"), for breach of contract. *Id.* at 2. Plaintiff has not sued TFNBM. *Id.*

Warren seeks to claim ownership of land owned by TFNBM based on an alleged contract for the sale of land and a private note in the amount of $1,800,000. Warren alleges that an agreement was reached between both parties through a

third-party realtor. Next, Warren alleges he sent legal tender in the form of a private note in the amount of $1,800,000 to TFNBM. Littlewood responded that he needed to verify the funds before proceeding with the transaction. After attempting to verify the funds, Littlewood claimed that the private note was fraudulent and did not proceed with the transaction. Littlewood allegedly offered to continue with the transaction if Warren could provide another note or form of payment that could be verified. Following Littlewood's request, the Complaint does not allege that any valid form of payment was made or that any money was delivered to the Escrow Agent for the contract or TFNBM. Plaintiff then sued in this Court to enforce the alleged contract. On July 16, 2024, Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction and a failure to state a claim. ECF No. 6. Plaintiff's response to the Motion was due July 30, 2024. Plaintiff did not file his response to the motion until August 9, 2024. ECF No. 7. Plaintiff has not filed an amended complaint or sought leave to amend.

## DISCUSSION

### A. This Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims.

As it relates to the Defendant's motion to dismiss for lack of subject matter jurisdiction, Plaintiff's grounds for jurisdiction set forth in the Complaint are that this Court has jurisdiction pursuant to counties served by the United States District Court Waco Division, which includes McLennan County. *Id.* at 8. The Complaint provides no other grounds for jurisdiction.

It is well established that "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). Accordingly, a case should be dismissed for lack of subject matter jurisdiction when a court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In the context of a 12(b)(1) motion to dismiss, the burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Plaintiff's Complaint makes no assertion that this court has diversity jurisdiction. *See generally* ECF No. 1; *see also* 28 U.S.C. § 1332. Thus, Plaintiff must properly plead sufficient facts to invoke a federal question for this Court to have jurisdiction. However, the Complaint sets forth nothing that Defendant did or failed to do that violates any of the Plaintiff's federally afforded rights. Plaintiff's complaint is based on a state cause of action for breach of contract that does not invoke a federal question. *See* ECF No. 1 at 2.

Plaintiff references various federal statutes in his Complaint but lacks standing to raise those arguments. Plaintiff's cursory reference to the Consumer Credit Protection Act does not confer federal question jurisdiction because the Plaintiff has no standing to sue under that statute. Plaintiff's Complaint is seeking "Administrative Enforcement" of the Act that cannot be pursued by a private person or entity. *See* 15 U.S.C. § 1679h (stating that compliance with requirements

imposed by the Act shall be enforced by the Federal Trade Commission, without any mention of a private cause of action for administrative enforcement).

Further, the Consumer Credit Protection Act was intended to protect consumers against "credit repair organizations"- not to confer a private right to sue a bank officer in his individual capacity on a state law breach of contract claim in federal court. *See* 15 U.S.C.A. § 1679(a). Plaintiff makes no claims that Littlewood or TFNBM is a "credit repair organization" subject to 15 U.S.C. 1679(h) or (g). Moreover, even if TFNBM was named as a Defendant, the Consumer Credit Protection Act expressly does not apply to "any depository institution" which is defined as "any bank or savings association." 15 U.S.C. §1679a(3)(B)(iii) (citing 12 U.S.C. § 1813(c)(1)).

Plaintiff's reference to the Uniform Commercial Code also does not establish the existence of a federal question. The UCC is not a federal statute and doesn't supply federal question jurisdiction to an otherwise state law breach of contract claim. *Motorola, Inc. v. Perry*, 917 F. Supp. 43, 48 (D.D.C. 1996) (noting that the UCC is not federal law). Thus, a civil action based on the UCC does not arise under the laws of the United States and therefore does not provide a court with federal-question jurisdiction.

Lastly, Plaintiff's belated response to Defendant's motion to dismiss makes reference to federal regulations not included in the Plaintiff's Complaint. ECF No. 7 at 3-5. However, a Plaintiff's mere recitation of federal banking regulations in response to a motion to dismiss is no substitute for invoking a federal question on

the face of a well-pleaded complaint. Plaintiff has not amended his complaint, and the Court finds that Plaintiff's response does not work to the effect of curing the fatal jurisdictional pleading defects in the Plaintiff's complaint.

Ultimately, Plaintiff's Complaint does not invoke a federal question and makes no assertion that the requirements of diversity jurisdiction are met. Therefore, this Court does not have subject matter jurisdiction over this case.

### B. Plaintiff's Complaint fails to State a Claim under Rule 12(b)(6)

Additionally, even if this Court had subject matter jurisdiction to adjudicate the claims presented in the Complaint, Plaintiff fails to state a plausible claim for relief therein.

Federal Rule of Civil Procedure 12(b)(6) states that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain enough facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555. In determining whether or not to dismiss a complaint under 12(b)(6), the court first identifies conclusory allegations and disregards them and then considers whether the remaining allegations plausibly suggest an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Here, none of the Plaintiff's allegations plausibly suggest an entitlement to relief.

### i. Plaintiff fails to state a claim against Defendant Littlewood in his individual capacity.

Plaintiff's Complaint fails to state a claim against David Littlewood in his individual capacity. Defendant Littlewood cannot be held liable for the breach of a

contract he was not a party to. As a general rule, the acts of a corporate agent on behalf of the corporation are treated as the acts of the corporation. *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995). Furthermore, an officer or director of a corporation may not be held liable for inducing the corporation to violate a contractual obligation, as long as he acts in good faith and believes he is acting in the best interest of the corporation. *Holloway*, 898 S.W.2d at 395 (citing *Maxey v. Citizens Nat'l Bank*, 507 S.W.2d 722, 726 (Tex. 1974))

Littlewood was not a party to the contract in his individual capacity and Plaintiff's Complaint makes no factual allegation that Littlewood participated in the transaction at all until he called Plaintiff to inform him of the issues verifying Plaintiff's alleged payment. Plaintiff's own Complaint asserts that Defendant Littlewood was acting "on behalf of" TFNBM when communicating with the Plaintiff. ECF No. 1 at 4. Warren also asserts that Littlewood's communications with Warren were from a "bank line by the Chairman of the bank regarding official bank business." *Id.* at 3. Taking all the facts pleaded by Plaintiff as true, Defendant Littlewood was acting in his capacity as an officer of TFNBM throughout the course of all his communications with the Plaintiff. Accordingly, Littlewood, in his individual capacity, cannot be liable for any breach of TFNBM's alleged contractual obligations.

    **ii.    Plaintiff fails to state a claim for a Quiet Title Action.**

To prevail in a suit to quiet title, a claimant must prove: (1) he has an interest in a specific property; (2) title to the property is affected by a claim of the

defendant; and (3) the defendant's claim, although facially valid, is invalid or unenforceable. *Farkas v. Aurora Loan Servs*., L.L.C., No. 05-15-01225-CV, 2017 Tex. App. LEXIS 4912, at *21-22 (Tex. App.—Dallas May 30, 2017, pet. denied).

Here, Plaintiff has not pleaded that his title to the property was affected by a claim of Littlewood. Notably, Plaintiff makes no assertion that Littlewood *himself* has made a claim to the property, and therefore, Plaintiff fails to state a plausible claim for an action to quiet title against Littlewood.

### iii. Plaintiff's claims for Grand Theft, Theft by Conversion, Extortion, Fraud for Profit & Restriction of Trade are conclusory.

Plaintiff's Complaint states that Littlewood's actions constitute "Grand theft, Theft by Conversion, Extortion, Fraud for profit & limiting one's ability to enter into commercial transactions." ECF No. 1 at 4. However, Plaintiff's pleading of these causes of actions amounts to conclusory allegations that should be disregarded at step one of the 12(b)(6) analysis discussed above. Plaintiff's allegations regarding these causes of action lack sufficient factual support and thereby fail to establish a plausible claim for relief. Therefore, dismissal of these claims is warranted.

### iv. Plaintiff's claims under the Consumer Credit Protection Act also fail to rise to the level of plausibility.

Plaintiff has not alleged sufficient facts to state a claim for relief under the Consumer Credit Protection Act. As discussed above, the Act applies to credit repair organizations and doesn't apply to banks or savings associations. Because neither Littlewood nor TFNBM are credit repair companies, Plaintiff fails to state a claim under the Consumer Credit Protection Act. Just as Plaintiff's reference to the

Consumer Credit Protection Act fails to confer federal question jurisdiction, so too does it fail to state a plausible claim for relief under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** David Littlewood's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim for relief (ECF No. 6).

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 8) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Default Judgment (ECF No. 11) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Injunction (ECF No. 12) is **DENIED AS MOOT.**

Signed this 31st day of October, 2024.

Alan D Albright